JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MUHAMMAD RAGHIB HUSSAIN,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PETER KEISLER, Acting Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO GONZALES, Director of United States Citizenship and Immigration Services; ROBERT MUELLER, Director of the Federal Bureau of Investigations; CHRISTINA POULOS, Director of the USCIS California Service Center,<br><br>　　　　　Defendants. | No. C 07-5444 SBA<br><br>ANSWER |

Defendants hereby submit their answer to Plaintiff's Complaint for Mandamus to Compel Defendants to Complete Naturalization Process.

The initial unnumbered paragraph consists of Plaintiff's characterization of the lawsuit, and thus no admission or denial is required; however, to the extent a responsive pleading is deemed to be required, the Defendants deny the allegations in this paragraph.

**PARTIES**

1. Defendants admit that Plaintiff is a naturalization applicant; however, Defendants are

ANSWER
C07-5444 SBA                                    1

1  without sufficient information to admit or deny Plaintiff's current residence.

2  2. Defendants admit the allegations in Paragraph Two.

3. Defendants admit the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants admit the allegations in Paragraph Six.

## JURISDICTION

7. Paragraph Seven consists of Plaintiff's allegations regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in this paragraph.

8. Paragraph Eight consists of Plaintiff's allegations regarding jurisdiction, to which no responsive pleading is required.

9. Paragraph Nine consists of Plaintiff's allegations regarding costs and attorney fees, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in this paragraph.

## VENUE

10. Paragraph Ten consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, defendants deny the allegations in this paragraph.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Defendants deny the allegations in Paragraph Eleven.

## THE STATUTORY AND REGULATORY SCHEME OF THE NATURALIZATION PROCESS

12. Defendants admit the allegations in Paragraph Twelve.

## THE CHALLENGED PRACTICE

13. Defendants admit that Plaintiff's application has not been adjudicated within 120 days of the interview; however, Defendants deny that an examination has taken place.

///

**FACTUAL ALLEGATIONS**

14. Defendants admit the allegations in Paragraph Fourteen.

15. Defendants admit the allegations in Paragraph Fifteen.

16. Paragraph Sixteen consists of Plaintiff's characterization of the lawsuit, and thus no admission or denial is required; however, to the extent a responsive pleading is deemed to be required, the Defendants deny the allegations in this paragraph.

17. Defendants deny the allegations in Paragraph Seventeen.

**IRREPARABLE INJURY**

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph Eighteen.

**REQUEST FOR RELIEF**

The remaining paragraph consists of Plaintiff's prayer for relief and request for costs and fees, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny the allegations in this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim upon relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

///

///

///

ANSWER
C07-5444 SBA                                              3

1     WHEREFORE, Defendants pray for relief as follows:

2     That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's

3 Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief

4 as it deems just and proper under the circumstances.

5 Dated: January 17, 2008                                         Respectfully submitted,

6                                                                 JOSEPH P. RUSSONIELLO
United States Attorney

7

8                                                       /s/
EDWARD OLSEN

9                                                       Assistant United States Attorney
Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER
C07-5444 SBA                                    4